UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24992-CIV-WILLIAMS/MCALILEY

HUDSON SPECIALTY INSURANCE
COMPANY,

    Plaintiff,

vs.

EL DIAMANTE GRILL, CORP. and
ALEJANDRO GUTIERREZ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is an insurance coverage dispute in which Plaintiff, Hudson Specialty Insurance Company, seeks a declaratory judgment that it has no obligation under the terms of its policy to defend and indemnify Defendant El Diamante Grill, Corp. ("El Diamante"), in an underlying state court lawsuit.[1] In that suit – which is still pending – Defendant Alejandro Gutierrez ("Gutierrez") sued El Diamante to recover damages for injuries he sustained in a shooting at El Diamante's restaurant/nightclub. *See generally* (State Compl., ECF No. 1-3).[2] Gutierrez alleges, in sum, that El Diamante is liable because it negligently

---

[1] Alejandro Gutierrez is a party in this action because a declaration of this Court may affect his rights. (Compl., ECF No. 1 at 6 ¶ 18).

[2] The state case is *Alejandro Gutierrez v. DBMB 18 II, LLC and El Diamante Grill, Corp.*, Case No. 2020-015903-CA-31, filed in the Circuit Court of the Eleventh Judicial Circuit in Miami-Dade County, Florida. Plaintiff is defending El Diamante in that action subject to a reservation of rights. (Compl., ECF No. 1 at 6 ¶ 17).

failed to provide adequate security. (*Id.* ¶¶ 20, 33).

At the time of Gutierrez's injuries, Plaintiff insured El Diamante under a general liability policy that excluded coverage for injuries arising out of (i) the use of a firearm, and (ii) an assault and/or battery. *See* (Policy, ECF No. 1-4 at 40, 44-45).

On September 3, 2021, Plaintiff filed a Motion for Summary Judgment (the "Motion"), which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 31, 32). In its Motion, Plaintiff argues that no genuine dispute exists as to any material fact and that it is entitled to judgment as a matter of law because the policy's exclusions bar coverage for Gutierrez's injuries. (ECF No. 31). From the Court's initial review of the Motion, it appears to have merit.

The deadline for Defendants to file opposing memoranda of law was September 17, 2021. To date, neither Defendant has filed such memoranda.[3]

On October 12, 2021, the Court issued an Order to Show Cause that required both Defendants to file, **no later than Friday, October 15, 2021**, a memorandum that explains why this Court should not grant Plaintiff's Motion. (ECF No. 42). Neither Defendant responded to that Order.

The Court is left to conclude that Defendants do not contest Plaintiff's Motion. Our Local Rules contemplate this situation: Rule 7.1(c) states that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14)

---

[3] The Court notes that since Plaintiff filed the Motion, Defendants have actively participated in this action: the parties scheduled mediation in compliance with the Court's September 20, 2021 Order Referring Case to Mediation, (ECF Nos. 33, 34), attended that mediation on October 8, 2021, (ECF No. 41), and filed a Joint Pretrial Stipulation on October 1, 2021, consistent with the deadline set forth in the Court's Scheduling Order. (ECF Nos. 27, 36).

days after service of the motion. *Failure to do so may be deemed sufficient cause for granting the motion by default.*" S.D. Fla. L.R. 7.1(c) (emphasis added).[4] Both the apparent merit of Plaintiff's Motion, and Defendants' silence in response – and noncompliance with the Order to Show Cause – lead to the Court's firm conclusion that Defendants have no good faith argument against entry of summary judgment for Plaintiff.

I therefore **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion for Summary Judgment, (ECF No. 31).

## OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida this 21st day of October 2021.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Kathleen M. Williams
Counsel of record

---

[4] The Court reminded Defendants of this on October 12, 2021, when it issued the Order to Show Cause. *See* (ECF No. 42).